UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br><br>   vs.<br><br>RANDY D. GOODMAN,<br>                Defendant. | CASE NO: **19-CR-012-2**<br><br>**DETENTION ORDER** |

      The defendant is charged with a felony involving possession or use of a firearm, destructive device, or other dangerous weapon. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

      Based on the evidence presented and information of record, the court finds by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

      In addition to the reasons more particularly stated on the record in open court at the detention hearing, the court finds that the nature of and circumstances surrounding the charges against the defendant demonstrate that there are no conditions or combination of conditions that would reasonably assure the safety of any other person and the community if the defendant were released on bond. The offenses charged involve destructive devices, for which danger is plainly contemplated by the express reference to such devices in the first of the § 3142(g) factors. The weight of the evidence also supports detention based on danger. By proffer of the government, the defendant engaged in ongoing discussions and actions to design and construct destructive devices that were intended to inflict serious injury or death. The defendant repeatedly referenced the Boston Marathon bombing as an example of a remote detonation system that was successful and his desire to use the "same type of concept." The defendant detonated "crater maker" devices (carbon dioxide cartridges containing an energetic powder and a fusing system) at his property that a co-conspirator constructed and expressed his desire to "make a bunch of them." A search of the defendant's residence revealed a pipe that had been thrown as part of the testing of the destructive devices, numerous firearms, including semi-automatic weapons, numerous rounds of ammunition, and high capacity magazines that were loaded. The defendant is the de facto leader of a local militia group who is trained in survival tactics. The defendant also lives on a 120-acre farm, which would greatly inhibit the opportunity to control or regulate his actions. Finally, the nature and seriousness of the risk supports detention as the mere possession of a "crater maker" presents a substantial risk of physical injury to others. *See United States v. O'Neill*, 144 F. Supp.3d 428, 437 (W.D.N.Y. 2015), *aff'd,* No. 15-3837 (2nd Cir. Feb. 19, 2016) (and cases cited therein). The Court

determines that conditions which restrict defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated February 14, 2019

BY THE COURT: *s/Karen L. Litkovitz*