UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:19-CR-012** |
| **Plaintiff,** | : | **Judge Susan J. Dlott** |
| v. | : | **AGREED PROTECTIVE ORDER REGARDING DISCOVERY** |
| **RYAN D. KING (1),** | : | |
| **RANDY D. GOODMAN (2),** | : | |
| **Defendants.** | | |

WHEREAS, pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Maryland v. Brady*, 373 U.S. 83 (1963) and its progeny and 18 U.S.C. § 3500, the Government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but are not limited to, copies of audio and video recordings made by witnesses, interviews, reports, photographs, writings, tax records, or other materials related to the underlying investigation of this case;

WHEREAS, the Government represents that the Discovery Materials include information, the unrestricted dissemination of which could adversely affect law enforcement interests, and the privacy interests of third parties;

WHEREAS, the parties agree that the Government has a compelling interest in preventing the aforementioned Discovery Materials from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing investigations, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Government shall mark each page of each document and each item provided as Discovery Materials with a unique identifying number.

2. The "Defense Team" is defined as (i) the defendant; (ii) counsel for the defendant and their staff members (co-counsel, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff) and (iii) experts, consultants and investigators retained to assist in the preparation of the defense.

3. Except as provided in this Order, Discovery Materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than the Defense Team. Further:

    a. Discovery Materials may not be left in the possession of the Defendant. In addition, the Defendant is prohibited from maintaining in his possession any notes, summaries, or other materials derived from Discovery Materials, regardless of who prepared the notes.

    b. Members of the Defense Team may show (but not provide copies of) any Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case.

---

[1] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

4. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

5. Each member of the Defense Team to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials. No Discovery Materials shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the Defendant, expert witness, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

6. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on the defense team.

7. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed. Upon written request of the Government, all Discovery Materials not previously destroyed shall be returned to the Government.

8. All Discovery Materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the Defendant to prepare his defense. The Defendant and defense team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or

become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

9. Nothing in this Order shall preclude the Government or the Defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of Discovery Materials. This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO ORDERED:**

3/5/19
Date

*Susan J. Dlott*
HONORABLE SUSAN J. DLOTT
United States District Judge

**SO STIPULATED:**

Dated: March 4, 2019

s/Hal R. Arenstein
HAL R. ARENSTEIN
*Counsel for Defendant, Ryan D. King*

Date: March 4, 2019

s/Ravert J. Clark
RAVERT J. CLARK
*Counsel for Defendant, Randy D. Goodman*

Dated: March 4, 2019

s/Sheila G. Lafferty
SHEILA G. LAFFERTY
Assistant United States Attorneys

BENJAMIN C. GLASSMAN
United States Attorney

**Appendix A**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned <u>United States v. Ryan D. King and Randy D. Goodman</u>, Criminal No. 1:19-cr-012, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____  BY: _____
                                (type or print name)


                        SIGNED: _____